IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC. | PLAINTIFF |
| V. | NO: 3:21-cv-002 |
| AAA PARTS AND SALVAGE and OMAR D. ASSAF | DEFENDANTS |

### ORDER

In January 2021, Plaintiff brought this action alleging trademark infringement, false designation of origin, unfair competition, and dilution under the Lanham Act and its Mississippi state law counterpart. (ECF No. 1). The parties reached a settlement, and the Court entered a Consent Order of Judgment in April 2021. (ECF No. 13). The Court closed the case and retained jurisdiction for the purpose of enforcing the parties' Settlement Agreement (the "Agreement") and the Consent Order of Judgment. (*Id.*, PageID.39). Plaintiff has filed a motion seeking to enforce the Agreement. (ECF No. 15). The matter is before the Court on Plaintiff's motion to file the Agreement under seal as Exhibit A to the Declaration of Ayana M. Lindsey. (ECF No. 15-1; ECF No. 18). Plaintiff seeks to file the Agreement as an exhibit under seal primarily to protect the terms of the settlement from other potential trademark defendants and to honor the Agreement's explicit confidentiality provision. (ECF No. 19).

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The right is "not absolute," and "[e]very court has supervisory power over its own records and files." *Id.* at 597-98. The presumption of right to access judicial records "can be overcome by a strong showing of the need for confidentiality." *State Farm Fire and Cas. v. Hood*, No. 2:07-cv-188, 2010 WL 3522445, at *2 (S.D. Miss. Sept. 2, 2010). "Any order sealing a document must include particularized findings demonstrating that

sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." LOC. UNIF. CIV. R. 79(e)(2).

Confidentiality is part of the bargain the parties struck in settling this case. The Agreement contains an explicit confidentiality provision under which "[t]he [p]arties agree to keep the terms of this Agreement confidential, except as may be necessary to perform and enforce [their] respective rights and obligations...." (ECF No. 19, PageID.2.) Courts favor upholding the terms of settlement agreements and have found it appropriate to seal confidential settlement agreements. *See, e.g., Creel v. Humphreys County, Miss.*, No. 4:12-cv-89, 2014 WL 583484 (N.D. Miss. Feb. 14, 2014) (noting that "the Court has previously ordered the sealing of a party's objection to a Report and Recommendation because the objection improperly references the amount of settlement in this case."); *Cooper Tire & Rubber Co. v. Farese*, No. 3:02-cv-210, 2009 WL 514071, at *1 (N.D. Miss. Feb. 27, 2009) (granting motion to seal document that "may reflect on the confidential settlement in this case"); *Branum v. Valued Member Credit Union*, Nos. 3:10-cv-852, 3:12-cv-513, 2015 WL 1402226, at *2 (S.D. Miss. Mar. 26, 2015) (granting motion to seal confidential settlement agreement in enforcement action); *Cardwell v. Altec Industries, Inc.*, No. 3:19-cv-527, 2021 WL 6618652 (S.D. Miss. March 15, 2021) (same). The Court finds protection of the confidentiality to which the parties agreed in this case a clear and compelling reason to permit Plaintiff to file the Agreement under seal. The Court further finds that the public's interest in this private settlement is minimal and outweighed by the need for confidentiality.

**ACCORDINGLY, IT IS ORDERED**:

Plaintiff's Motion to File Exhibit Under Seal (ECF No. 18) is **GRANTED**. Plaintiff may file Exhibit A to the Declaration of Ayana M. Lindsey (ECF No. 15-1) under seal.

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2023.

/s/
**UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI**